## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LEIGH A. HARLEY,

       Plaintiff,

vs.                                                                 Civ. No. 97-868 MV/WWD

STAFFING RESOURCES, INC.,
RESOURCES MFG., and PRO DRIVERS, INC.,

       Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon plaintiff's Motion to Compel, filed March 24, 1998 [22-1].   This is a Title VII case.  Plaintiff alleges that her former branch manager sexually harassed her and then retaliated against her after she complained to management about the alleged harassment.  Plaintiff seeks full responses to Requests for Production Nos. 1, 2, 3, 4, 5, 6, and 7; and to Interrogatories Nos.1, 2, 3, 4, 5, 6, 7, 8, and 9.  Since the motion was filed, the parties have resolved request no. 5, and interrogatories nos. 1 and 3.

Plaintiff states that it is difficult to tell whether the requests have been completely answered because the responses were produced "subject to" blanket objections which were asserted throughout defendants' responses.  The difficulty is further compounded by the fact that, according to plaintiff, the produced documents were not organized to correspond with specific requests.

Defendants have inserted a myriad of general objections in a fill-in-the-blank style to each request without specifying the reason for the objection.  Thus, they have not satisfied their burden

as to any of the objections which they have made.  See Oleson v. K-Mart Corp, 175 F.R.D. 570,

571 (D.Kan. 1977) (citing  Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 (10th Cir.1984)

(objecting party has burden to specifically show basis for objection)).

*Time Period*

Defendants object to the time period requested by plaintiff in responding to requests for

production 1, 2, 5, and 6 and in interrogatories 1, 2, 4, 6, 7, 8, and 9.[1]   Rather they seek to limit it

to plaintiff's six-month period of employment, from January to June 1996.  Discovery in Title VII

cases is broad and extensive in employment discrimination cases.  Morrison v. City & County of

Denver, 80 F.R.D. 289, 292 (D.Colo. 1978).  The time period requested by plaintiff is thus not

unreasonable.   It covers a three-year period up to and including plaintiff's employment as well

almost a year and half after her discharge, i.e., from January 1, 1993 to November 1, 1997.[2]  See

Mackey v. IBP, Inc., 167 F.R.D. 186, 195 (D.Kan. 1996) (allowing discovery following period

during which plaintiff was employed because evidence of defendant's intent might "accumulate

over a time period during which it did not employ plaintiff"); Robbins v. Camden City Bd. of

Educ., 105 F.R.D. 49, 62 (D.N.J. 1985) (limiting discovery to 2-year period beyond

employment).  Defendants will therefore respond within this time frame to all of plaintiff's

---

[1]  My sense that defendants indiscriminately asserted these objections is borne out by the examples of requests for production 1 and 6, and interrogatory no. 4, for which time frames are not even remotely applicable.

[2]  Although Fred Keulen, who was the branch manager at the time of the incident, is no longer in the same department, evidence of sexual harassment subsequent to plaintiff's discharge is certainly relevant to whether management level employees knew or reasonably should have known that such incidents occurred and how it was handled.  See Hirschfeld v. NM Corrections Dept., et al., 916 F.2d 572, 575 (10th Cir. 1990).

discovery requests in which defendants have objected, listed above, on this basis.

*Geographic scope*

Defendants object to providing information regarding Staffing Resources, defendants'

parent company, and ProDrivers, both of which are nationwide operations.[3]   They have limited

their responses (interrogatories 1, 2, 4, 6, 7, 8, 9 and requests nos. 1, 2, 4, 5, and 6) to Staffing

Resources, Inc. of New Mexico ("SRI-NM") which has its only office in Albuquerque.  Plaintiff

worked at the Albuquerque office of ProDrivers and Resource MFG.  In the Complaint, plaintiff

alleges that she complained about the branch manager's behavior "to higher authorities within the

company."  Compl., ¶ 7.

Because plaintiff does not make clear whether these higher authorities were located

outside of the company where she worked, I will limit discovery to SRI-NM until such time  that

plaintiff can show a "particularized need and relevance" for information and

documents from Staffing Resources and nationwide offices of ProDrivers.  See Earley v.

Champion Int'l Corp., 907 F.2d 1077, 1084-85 (11th Cir. 1990) ("focus is upon the source of the

complained of discrimination--the employing unit or work unit");  James v. Newspaper Agency

Corp., 591 F.2d 579, 582 (10th Cir. 1979).  Thus, for those requests above to which defendants

have objected as to scope, defendants shall provide information only as to the Albuquerque office

of ProDrivers and Resource MFG, except for interrogatory no. 2, to which defendants have

already agreed to provide complete information.  Resp., Ex. 1.

---

[3]  Defendants note that the Complaint incorrectly refers to the subsidiary "Staffing
Resources, Inc. of New Mexico" ("SRI-NM") as the parent company, "Staffing Resources,"
which plaintiff has not sued.   Resp. at 1.  They also note that "ResourceMFG" is incorrectly
named as "Resources MFG."

3

*Privilege*

Defendants have asserted attorney-client privilege in requests nos. 1, 2, 3, 4, 5, 6, and 7, and interrogatories nos. 5, 6, 7, 8 and 9.  None of these responses include any information explaining how the defendant comes to consider it as communication which was made to an attorney confidentially, in his professional capacity and for the purpose of securing legal advice or assistance.  Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984).  Accordingly, for those responses for which defendants adhere to a claim of privilege in their amended responses, they shall submit a privilege log which identifies each document involved by request number, date, author, addressees (if any), distribution of the document, number of pages in the document, general nature of the document, and basis for asserting the attorney client privilege.  See Fed.R.Civ.P. 26(b)(5).

*Interrogatories Containing Other Objections*

*Interrogatory No. 6* seeks identifying information regarding each person employed in the Albuquerque office of any of the defendants from January 1, 1993 through November 1, 1997.  I cannot help but wonder if plaintiff's counsel took the time to read the letter of January 20, 1998 sent by defense counsel, Ms. Martin, wherein she agrees to provide this information contingent on a protective order, thus eliminating any need for court intervention.  Resp., Ex. 1.

*Requests for Production Which Contain Other Objections*

In *Requests Nos. 1 & 2*, plaintiff asks for the complete personnel files and performance evaluations of Isabel Vierk, Roy Richardson, Ed Britt and Belinda Hotchkiss, who were defense witnesses during the EEOC proceedings, because they "might contain other information bearing on . . . credibility."  However, the mere fact that a person may be a witness in a case does not

4

automatically warrant access to their personnel file.  Haselhorst v. Wal-Mart Stores, Inc., 163

F.R.D. 10, 11 (D.Kan. 1995).  The possibility of unearthing impeachment material is not sufficient

to allow discovery of these files and defendants need not produce them.

On the other hand, the personnel files and evaluations for Fred Keulen, the manager who

allegedly harassed plaintiff, and Fran Scott and Kate Badger, management employees who dealt

with plaintiff's complaints and ultimately fired her, *are* relevant and therefore are discoverable.

Cmp. Hoskins v. Sears, Roebuck & Co., unpubl. op., 1997 WL 557327 (D.Kan) (allowing

discovery of only relevant portions of personnel files); Griffith v. Wal-Mart Stores Inc., 163

F.R.D. 4 (E.D. Ky. 1995) (personnel files of employer were subject to discovery where files

sought were for managerial employees even though only specific acts of discrimination and not

pattern or practice of discrimination was alleged).  Therefore, defendants shall produce the

documents requested in nos. 1 and 2 for Keulen, Scott and Badger only.

In *Request No. 3*, defendants object on the grounds of: undue burden, privilege and work

product, employee's privacy, "As Kept in the Usual Course of Business," and "Instructions."

They give the response:

> Subject to and without waiving the foregoing objections, defendants will produce
> the nonprivileged documents that they maintain as those documents are kept in the
> regular course of business.

Mot., Ex. 4 at 6.  Plaintiff says she cannot tell *what* documents have been provided to this request,

much less whether it has been responded to at all, because defendants failed to identify particular

documents to correspond with specific requests.

The only possibly valid objection is that of privilege or work product.  It is premature to

look at whether plaintiff has shown a "substantial need of the material" under Rule 26(b)(3) when

5

defendants have not yet established that the privilege applies.  Defendants' objections as to undue

burden, employee's privacy, "As Kept in the Usual Course of Business,"[4] and "Instructions" are

overruled and they shall respond to the request unless they can establish that a privilege applies.

*Request No. 4* asks for any and all employment, policy, or procedure manuals in effect

during 1996.  Defendants have produced a "Handbook for Regular Staff Employees" as the only

"relevant, non-privileged document that is responsive to the request."  I overrule defendants'

objections of: undue burden, scope and "As Kept in the Usual Course of Business."  Again,

defendants shall respond to this request unless they can establish that privilege applies to the

information sought.

*Request No. 7* seeks documents reflecting the dollar value of all benefits provided by the

defendants to plaintiff.  For some reason, the parties have reached an impasse where plaintiff is

unable to be more specific about what is being sought, and defendants continue to rely on the

usual objections of privilege, work product and irrelevance.  If plaintiff cannot give the defendants

a clearer idea of what information she is seeking within 10 days of the entry of this Order, either

by giving examples of types of benefits or through further discussion, then I will not require

defendants to guess.[5]

*Request No. 8* asks for financial statements showing the assets, liabilities and net worth of

---

[4] Defendants' "General Objections" define this as "producing copies of the non-privileged documents they maintain in their files, as those documents are kept in the usual course of business."  Resp., Ex. 4 at 3.  There is no further explanation to how this phrase relates to the information sought in the request or exactly how it renders the information objectionable.

[5] Plaintiff cites cases referring to "back pay" and "fringe benefits."  Pltff's Brf at 8.  If such are the "benefits" plaintiff refers to in the discovery request, I fail to see why plaintiff could not relay this to the defendants.

each of the defendants.  Defendants' objection of irrelevance is overruled because the information

is relevant in determining punitive damages. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S.

247, 270 (1981); <u>Ramsey v. Culpepper</u>, 738 F.2d 1092, 1099 (10th Cir.1984) (court followed

state law in a diversity action); <u>see</u> <u>Mid Continent Cabinetry v. George Koch Sons, Inc.</u>, 130

F.R.D. 149, 151 (D.Kan. 1990) (citations omitted) (majority of federal courts permit pretrial

discovery of financial information of the defendant even when plaintiff fails to establish a prima

facie case on the issue of punitive damages).  Both parties are agreeable to this information being

subject to a protective order, although defendants would prefer it to be kept under court seal.

Therefore, defendants shall respond to this request with the information subject to confidential

treatment.

**WHEREFORE**,

**IT IS ORDERED** that plaintiff's Motion to Compel [22-1] is hereby **granted in part**;

**IT IS FURTHER ORDERED** that on or before <u>May 4, 1998</u>, defendants shall submit

amended responses to plaintiff's first set of interrogatories and plaintiff's first request for

production which reflect my rulings on the objections as delineated above, including the creation

of a privilege log where applicable;

**IT IS FURTHER ORDERED** that defendants shall organize the responsive documents

and information in a way that identifies particular documents with corresponding specific

discovery requests;

**IT IS FINALLY ORDERED** the documents and information produced pursuant to this

Order for Request for Production No. 8 and Interrogatory No. 6 shall be treated as confidential,

shall be marked "confidential," shall be used only for the purposes of this action, shall not be

7

disclosed to third parties, shall remain in the sole control of counsel for defendant, and shall be

returned to defendant within thirty days of settlement or final judgment of this action.

_____
UNITED STATES MAGISTRATE JUDGE